# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL DOCKET NO.: 5:10CV13-V

| | | |
|---|---|---|
| **MAUDIE LAIL MEYERS,** | ) | *Bankruptcy Case No.:* **10-50090** |
|     **Appellant / Debtor,** | ) | |
| | ) | |
|     v. | ) | **O R D E R** |
| | ) | |
| **BRANCH BANK & TRUST CO.,** | ) | |
|     **Appellee.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on its own motion and in response to correspondence dated March 8, 2010, from the U.S. Bankruptcy Court. (Document #3)

Rule 8006 of the Federal Rules of Bankruptcy Procedure governs the record on appeal, and provides that:

> "Within 10 days after filing the notice of appeal as provided by Rule 8001(a) . . . **the appellant shall file with the clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented**. . .The record on appeal shall include the items so designated by the parties, the notice of appeal, the judgment, order, or decree appealed from, and any opinion, findings of fact, and conclusions of law of the court. Any party filing a designation of the items to be included in the record shall provide to the clerk a copy of the items designated or, if the party fails to provide the copy, the clerk shall prepare the copy at the party's expense. If the record designated by any party includes a transcript of any proceeding or a part thereof, the party shall, immediately after filing the designation, deliver to the reporter and file with the clerk a written request for the transcript and make satisfactory arrangements for payment of its cost. All parties shall take any other action necessary to enable the clerk to assemble and transmit the record."

Fed. R. Bankr. P. 8006 (2008) (*emphasis added*). Thus, Rule 8006 places the responsibility of designating those items constituting the record on appeal squarely on the Appellant in addition to specifically explaining what items should be included and how the record, including transcripts, should be prepared.

1

On February16, 2010, Appellant Meyers, acting through her "attorney-in-fact" James W. Meyers, filed a Notice of Appeal challenging an Order dated February 12, 2010 and issued by U.S. Bankruptcy Judge, J. Craig Whitley.[1] (Document #1) Therefore, Appellant's designations were due on or before February 26, 2010. Appellant has not taken any other action in connection with his appeal since initiation of these proceedings. There is no record of a request for an extension of time. Therefore, Appellant has failed to perfect the instant appeal to the district court as contemplated by Rule 8001(a).[2]

**IT IS, THEREFORE, ORDERED** that the instant appeal is **DISMISSED** pursuant to FED. R. BANKR. P. 8001(a).

**IT IS FURTHER ORDERED** that the Clerk of Court shall forward a copy of the instant Order to the Appellant / Debtor, Appellee / Trustee, and U.S. Bankruptcy Court.

Signed: May 10, 2010

Richard L. Voorhees
United States District Judge

---

[1] The order being challenged shortened notice period to permit a hearing on BB&T's motion for relief from stay. The hearing on BB&T's motion for relief from stay has already been held, and the relief BB&T sought already granted. It appears the appeal is moot. As the bankruptcy judge noted, the matter is interlocutory and the Debtor has no right of appeal with regards to the February 12, 2010 Order in any event. (Document #2 at 2 / FED. R. BANKR. P. 8001(b)).

[2] Rule 8001(a) provides in pertinent part that:

"An appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court . . . deems appropriate, which may include dismissal of the appeal. . . "